J-S85029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| EDWARD T. GOODMAN | |
| Appellant | No. 387 EDA 2016 |

Appeal from the Order January 13, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0901011-1978

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 31, 2017**

Appellant, Edward T. Goodman, *pro se* appeals from the January 13, 2016 order denying his petition for a writ of habeas corpus filed under 42 Pa.C.S. § 6503(a).  We affirm.

Appellant and eight other MOVE members were tried by the trial court, sitting without a jury, from December 1979 to May 1980. Appellant was found guilty of third degree murder, voluntary manslaughter, seven counts of attempted murder, seven counts of aggravated assault, seven counts of simple assault and one count of criminal conspiracy.[1]  **See** Notes of Testimony (N.T.), 8/4/81, at 15.  In August 1981, Appellant was sentenced to ten to twenty years of incarceration on the murder charge plus eight

_____

[1] 18 Pa.C.S. § 2502(c), 2503, 2502, 2702, 2701 and 903, respectively.

* Retired Senior Judge assigned to the Superior Court.

consecutive terms of two and one-half to ten years of incarceration for the attempted murders and conspiracy charge resulting in an aggregate term of thirty to one hundred years of imprisonment. *Id*. at 17-18. No further penalty was imposed on the aggravated assault. *Id*. Appellant appealed, and this Court affirmed his sentence in June 1985. *Commonwealth v. Africa*, 499 A.2d 397 (Pa. Super. 1985) (unpublished memorandum), *appeal denied*, 544 A.2d 959 (Pa. 1988).

Appellant filed two petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, both of which were dismissed. *Commonwealth v. Africa*, 790 A.2d 355 (Pa. Super. 2001), *appeal denied*, 816 A.2d 1101 (Pa. 2003) (unpublished memorandum); *Commonwealth v. Goodman*, 87 A. 3d 390 (Pa. Super. 2013), *appeal denied*, 87 A.3d 318 (Pa. 2014).

In April 2014, Appellant *pro se* filed the instant habeas corpus petition seeking relief from his sentence, as the Department of Corrections (DOC) did not possess his sentencing order containing statutory authorization for his continued detention. In June 2015, treating Appellant's petition under the PCRA, the lower court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and Appellant filed a timely response. On January 13, 2016, by memorandum order and opinion, the court denied Appellant's

petition.[2]  Appellant timely appealed.   The lower court did not direct Appellant to file a court-ordered PA.R.A.P. 1925(b) statement.

Appellant raises the following issues for our review:

[1.] Whether the [lower court] abused its discretion in dismissing Appellant's [p]etition for [w]rit of [h]abeas [c]orpus [a]d [s]ubjiciendum as an untimely petition pursuant to the Post Conviction Relief Act (PCRA)?

[2.] Whether the [lower court] abused its discretion in dismissing Appellant's [p]etition for [w]rit of [h]abeas [c]orpus [a]d [s]ubjiciendum since he is confined absent a [s]entencing [o]rder required by 42 Pa.C.S.A. § 9764(a)(8)?

Appellant's Brief at 3.

As an initial matter, we note Appellant's first issue is raised for the first time on appeal and, as such, is waived.   **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's second claim, alleging that the DOC had no authority to confine him absent a written sentencing order, is identical to the challenge

---

[2] In its combined opinion and order, the lower court conceded that Appellant's petition should be considered a petition for writ for habeas corpus and accordingly concluded that the petition was meritless. Memorandum Opinion and Order, 1/13/16, at 2 (citing **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014) [hereinafter cited as **Joseph**] (holding claim that defendant's confinement is illegal "due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes claim legitimately sounding in habeas corpus") (citations omitted)), *appeal denied*, 101 A.3d 787 (Pa. 2014).

raised in **Joseph**.[3]   The trial court correctly concluded that this Court's

holding in **Joseph** is controlling precedent.   Thus, we will treat Appellant's

petition as a petition for writ of habeas corpus instead of a petition pursuant

to the PCRA, which only encompasses claims challenging the legality of

sentence.   **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action

by which persons . . . serving illegal sentences may obtain collateral relief").

In reviewing a petition for writ of habeas corpus, our standard of

review is as follows:

> Our standard of review of a trial court's order denying a petition
> for writ of habeas corpus is limited to abuse of discretion. Thus,
> we may reverse the court's order where the court has misapplied
> the law or exercised its discretion in a manner lacking reason. As
> in all matters on appeal, the appellant bears the burden of
> persuasion to demonstrate his entitlement to the relief he
> requests.

**Rivera v. Pa. Dep't of Corr.**, 837 A.2d 525, 528 (Pa. Super. 2003)

(citations omitted).

The statute cited by Appellant in support of his argument provides, in

pertinent part:

> § 9764. **Information required upon commitment and subsequent
> disposition**

---

[3] Here, as in **Joseph**, Appellant filed a request with the DOC for a copy of his sentencing order pursuant to the Right-to-Know Law, 65 Pa.C.S. §§ 67.101-.3104.  Petition for Writ of Habeas Corpus, 4/8/14, at 2, Exhibit A. This request was denied as the Records Supervisor of the State Correctional Institution at Mahanoy sent Appellant an Attestation that the order did not exist.  Writ of Habeas Corpus, 4/8/14, at 2, Exhibit B.

**(a) General rule.** -- Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

* * *

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

Appellant also cites 37 Pa. Code § 91.3 ("Reception of inmates") in support of his claims, which provides as follows:

[The DOC] will accept and confine those persons committed to it under lawful court orders ... when information has been provided to [the DOC] as required by 42 Pa.C.S. § 9764 (relating to information required upon commitment and subsequent disposition).

37 Pa. Code § 91.3; *see* Appellant's Brief at 10.

Though Appellant attempts to construe Section 9764 to provide the remedy of a prisoner's release for the DOC's failure to comply with this statute, we observed in *Joseph*:

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. **Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.**

- 5 -

***Joseph***, 96 A.3d at 371 (emphasis supplied) (footnote omitted).

The lower court reviewed the record and confirmed that the Honorable Edwin Malmed entered sentencing orders in this matter on August 4, 1981. Memorandum Opinion and Order, 1/13/16, at 2. Appellant's sentences were outlined in the notes of testimony of the sentencing hearing and accurately docketed by the clerk of courts. N.T., 8/4/81, at 17-78. Thus, the DOC has the continuing authority to detain a prisoner even without the possession of the written sentencing order if the record of his judgment of sentence is maintained by the sentencing court. ***Id***. at 365.

Accordingly, we discern no abuse of discretion and conclude that the trial court correctly denied Appellant's petition for habeas relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017